**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANTOI CLARKE, individually and as Administrator A*d Prosequendum* of THE ESTATE OF J.E.D., <br><br>       Plaintiff, <br><br> v. <br><br> BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA INC., j/s/a, <br><br>       Defendants. | **CASE NO.** |

**COMPLAINT AND JURY DEMAND**

Plaintiff**,** SHANTOI CLARKE, Individually and as Administrator *Ad Prosequendum* of the Estate of J.E.D., by way of Complaint, says:

**INTRODUCTION**

1.　　This lawsuit arises as a result of a tragic situation no parent should have to endure – discovering the baby formula products they had been feeding their infant son, Baby J.E.D., were contaminated with *Clostridium botulinum* – also known as infant botulism.

2.　　The Defendants sold contaminated baby formula to unsuspecting consumers, who thought the ByHeart baby formula product to be wholesome, nutritious and safe for consumption by their infant children.

3.　　Baby J.E.D. was routinely fed with the botulism-tainted formula since November 8, 2024. During this entire period, Baby J.E.D. was fed between five and eight bottles per day of ByHeart formula.

4.　　On or about April 2025, Baby J.E.D. became ill and began experiencing symptoms

including vomiting and constipation. His condition worsened over the following months, Baby J.E.D. was taken to the doctor due to fever, constipation, vomiting, diarrhea, and loss of appetite. He was repeatedly in and out of hospital beginning August 24, 2025, enduring significant illness and discomfort during this time, until his tragic death on September 7, 2025.

5.      The contaminated baby formula products have caused a national outbreak of infant botulism poisoning, resulting in the hospitalization of a multitude of infants – including Baby J.E.D., who after months of illness and suffering, ultimately died during his hospitalization.

## **PARTIES**

6.      Plaintiff, SHANTOI CLARKE resides at 135 Jefferson St, in the Township of Franklin, Somerset County, New Jersey. SHANTOI CLARKE is the biological parent of Baby J.E.D., a minor, and was appointed as Administrator *Ad Prosequendum* of his Estate on May 18, 2026.

7.      Defendant BYHEART, INC. (hereinafter referred to as "ByHeart"), is a Delaware corporation with its headquarters and principal place of business in New York, and who conducts business in the State of New Jersey. Defendant's headquarters is at 131 Varick Street, 11th Floor, New York, NY 10013.

8.      Defendant DAIRY FARMERS OF AMERICA, INC., (hereinafter referred to as "Dairy Farmers of America"), is a Kansas corporation with its headquarters and principal place of business in Kansas, and who conducts business in the State of New Jersey. Defendant Dairy Farmers of America may be served with process by serving their registered agent, Corporation Service Company at 1100 SW Wanamaker Rd. Suite 103, Topeka, KS. 66604.

9.      Defendant ORGANIC WEST, INC., (hereinafter referred to as "Organic West") is a for-profit corporation organized and existing under the laws of the State of California, and who

conducts business in the State of New Jersey. Its principal place of business is located at 1252 Van Ryn Avenue, Manteca, CA 95336.

10.     At all relevant times, Defendants ByHeart, Organic West, and Dairy Farmers of America were engaged in the business of manufacturing, producing, processing, distributing, marketing, supplying, and/or selling the subject infant formula and/or its component ingredients that were contaminated with *Clostridium botulinum*.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship between Plaintiff and Defendants. Specifically, Plaintiff is a resident of New Jersey while Defendant ByHeart is a resident of Delaware and New York, Defendant Dairy Farmers of America is a resident of Kansas, and Defendant Organic West is a resident of California.

12.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS RELEVANT TO ALL CLAIMS

13.     Defendant ByHeart was formed in 2016 to "obsessively innovate and improve on behalf of babies"

A Better Formula for Formula®
We built ByHeart from the ground up to obsessively innovate and improve on behalf of babies and their parents—which means going further in every way.

and has advertised that as part of how they innovate is owning their "entire manufacturing process" – even highlighting that ByHeart is one of only five infant formula manufacturers in the United States that owns the entire manufacturing process.



14.    Additionally, ByHeart advertises that its product is "clean label" with the "cleanest ingredients"



that its products are made with "certified-clean ingredients"



and advertises the various "best formula" awards that they have won to sell their products, representing that they are made with clean ingredients for a safe, healthy, pure baby formula.



15.    ByHeart is not only advertised their infant formula as being clean and pure, but as being easy and providing parents with "feeding freedom."



16.    Despite ByHeart's advertisements of their baby formula as being safe, healthy, and pure, reality could not be farther from these representations. Prior to the current outbreak of infant botulism due to ByHeart baby formula, ByHeart issued a recall in 2022 due to infant formula being contaminated with C. Sakazekii, a bacterium that can cause serious illness in infants. In ByHeart's statement, they attempted to highlight that "the recall is not related to ByHeart's own manufacturing in any way" – a statement that refuses to take accountability and attempts to direct

---

[1] https://www.google.com/url?sa=i&url=https%3A%2F%2Fbusiness.walmart.com%2Fip%2FByHeart-Whole-Nutrition-Powder-Infant-Formula-for-0-12-Months-24-oz-Canister%2F5321833607&psig=AOvVaw2I6F-KWSAYUNMY_t1fTE_S&ust=1763585904312000&source=images&cd=vfe&opi=89978449&ved=0CBkQjhxqFwoTCOD2sczL_JADFQAAAAAdAAAAABAE (Last accessed November 17, 2025)

any responsibility away from ByHeart.[2]

17.    Despite the 2022 incident providing ByHeart with notice of potential contamination issues in their manufacturing system, another deadly contamination has occurred. On or about November 8, 2025, ByHeart announced an initial recall of ByHeart baby formula products due to reports of *Clostridium botulinum*, also known as infant botulism, found in certain units of the product.[3]

18.    On November 11, 2025, Defendant ByHeart expanded its recall to include all ByHeart formula nationwide due to the *Clostridium botulinum* contamination. Additionally, Defendant ByHeart made a public statement designed not to take accountability but to highlight that *Clostridium botulinum* spores have not been found in unopened cans of formula and that the Food and Drug Administration ("FDA")'s investigation was ongoing – a statement which deflects rather than takes accountability for their contaminated products.

19.    However, for Baby J.E.D., and for many others who have suffered serious injuries, the recall was too late. Beginning on or about November 4, 2024, at approximately 2 months of age, until August 24, 2025, Baby J.E.D. was regularly fed ByHeart baby formula until his hospitalization. His family, including his mother SHANTOI CLARKE, purchased the ByHeart baby formula from various stores in Somerset County, New Jersey, believing them to be wholesome, pure, and healthy.

20.    On or about August 24, 2025, Baby J.E.D. became sick and began experiencing unexplained symptoms such as weakness, lethargy, difficulty swallowing, constipation, and severe respiratory distress. Baby J.E.D. was taken to the doctor due to these unexplained symptoms and

---

[2] *See* https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/byheart-issues-voluntary-recall-five-batches-its-infant-formula-because-possible-health-risk
[3] *See* https://www.fda.gov/food/outbreaks-foodborne-illness/outbreak-investigation-infant-botulism-infant-formula-november-2025.

ultimately was hospitalized from August 24, 2025, until his tragic passing on September 7, 2025.

21.    On December 12, 2025, FDA sent warning letters to four major retailers, including Target Corporation, for failing to remove recalled ByHeart infant formula from their store shelves despite being notified of the recall.[4]

22.    Plaintiff purchased the contaminated baby formula product from Walmart and Target, among other stores.

23.    The ByHeart baby formula advertises that it is made with "certified-clean ingredients" and contains the statements "you will never (ever) find these in ByHeart" and lists various items such as "Gluten," "GMOs," and "Corn syrup." ByHeart additionally advertises its "clean label" award on the baby formula packaging. These statements and advertisements are intentionally used by Defendants to impart the feeling that parents are giving their infants a premium, pure, healthy formula.

24.    Young children, whose brains are still developing, are particularly vulnerable to botulism poisoning. Botulinum poisoning can cause several serious complications in infants and young children, including difficulty sucking or swallowing, weak cry, general weakness, constipation, respiratory difficulty, and respiratory arrest. Baby J.E.D. has suffered several of these complications due to his exposure to *Clostridium botulinum* and developing infant botulism.

25.    As of January 23, 2026, two samples collected by FDA tested positive for *Clostridium botulinum* (toxin), Type A. One is a ByHeart powdered infant formula closed product sample that matches a clinical isolate from an infant included in this outbreak according to Whole Genome Sequencing ("WGS") analysis. These samples also match two isolates of organic whole milk powder, an ingredient that ByHeart uses in the production of ByHeart Whole Nutrition

---

[4] *See* https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/target-corporation-720399-12122025

powdered infant formula, which were collected and tested by ByHeart.

26.     The second organic whole milk powder sample was collected by FDA at a processor for a supplier to ByHeart and analyzed by the New York Wadsworth Laboratory. WGS analysis showed that the *Clostridium botulinum* found in the sample of organic whole milk powder is a genetic match to the *Clostridium botulinum* detected in the finished product sample of ByHeart's infant formula according to analysis conducted by ByHeart.

27.     As of February 26, 2026, two isolates from one lot of organic whole milk powder, collected and analyzed by FDA, have been shown by WGS analysis to match a cluster of isolates reported by FDA on January 23, 2026. These two new isolates were collected by FDA at Dairy Farmers of America, the processor for Organic West Milk, which supplies ByHeart.

28.     To date, WGS analysis has identified 17 different strains of this bacterium in samples from patients, finished products, and ingredients.

| Sample Collected/Analyzed by | Product | Test Result | Toxin Type |
|---|---|---|---|
| CDPH | Opened container of ByHeart Infant Formula (Batch No. 251131P2) | Positive | Type A |
| ByHeart | ByHeart Infant Formula (Batch 251261P2 or Batch 251131P2) | Positive | Type A |
| ByHeart | ByHeart Infant Formula (Batch 251261P2 or Batch 251131P2) | Positive | Type A |
| ByHeart | ByHeart Infant Formula (Batch 251261P2 or Batch 251131P2) | Positive | Type A |
| ByHeart | ByHeart Infant Formula (Batch 251261P2 or Batch 251131P2) | Positive | Type A |
| ByHeart | ByHeart Infant Formula (Batch 251261P2 or Batch 251131P2) | Positive | Type A |
| ByHeart | ByHeart Infant Formula (Batch 251261P2 or Batch 251131P2) | Positive | Type A |
| Collected by AZ/Analyzed under FDA LFFM | Unopened container of ByHeart Infant Formula (Batch No. 251481P2) | Positive | Type A |

29.     As of March 16, 2026, the Center for Disease Control ("CDC") had received 28 confirmed reports of adverse events potentially linked to recalled product.

**Case Counts**

Total Illnesses: 48

- Confirmed cases: **28**
- Probable cases: **20**

Hospitalizations: 48
Deaths: 0
Last Illness Onset: November 29, 2025
States with Cases: AZ, CA, ID, IL, KY, MA, MI, MN, NC, NJ, OR, PA, RI, TX, VA, WA, WI
Product Distribution: Online and nationwide (including Guam and Puerto Rico), and internationally



These reports included 48 infant hospitalizations, with the infants aging in range from 16 days old to 264 days old.[5]

30.    The whole milk powder sample collected by the FDA that tested positive for

---

[5] *See* https://www.fda.gov/food/outbreaks-foodborne-illness/outbreak-investigation-infant-botulism-infant-formula-november-2025

*Clostridium botulinum* type A was made from whole milk supplied by Defendant Organic West.

31.    Organic West transported whole milk to Defendant Dairy Farmers of America for processing into whole milk powder at a facility owned and operated by Defendant Dairy Farmers of America, in Fallon, Nevada.

32.    Following the processing of whole milk into whole milk powder, Defendant Dairy Farmers of America delivered, shipped, and/or sold the whole milk powder back to Defendant Organic West, which subsequently distributed and/or sold it to ByHeart for use as an ingredient in ByHeart's powdered infant formula.

33.    Defendant Organic West has halted the sale of the whole milk powder used in any product intended for babies and children.

### FIRST COUNT
### STRICT LIABILITY

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

34.    Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

35.    Byheart, Inc., Organic West, Inc., and Dairy Farmers of America, Inc. ("Defendants") were always relevant hereto the manufacturers, distributors, processors, and/or sellers of the adulterated food product that is the subject of the action.

36.    Upon information and belief, at all times material hereto, the Defendants designed, formulated, sourced, prepared, processed, manufactured, tested, distributed and sold the baby formula product.

37.    The adulterated food product that the Defendants manufactured, processed, distributed, and/or sold was, at the time it left the Defendants' control, defective and unreasonably

dangerous for its ordinary and expected use because it contained Botulism, a deadly pathogen.

38.    The Defendants are responsible for the introduction of the baby formula product into the stream of commerce.

39.    The baby formula product reached Plaintiffs without any substantial change in the condition in which it was manufactured and intended for use.

40.    The baby formula product that the Defendants manufactured, distributed, and/or old was used in the manner expected and intended, and was consumed by Plaintiffs.

41.    The Defendants had a duty to use reasonable care in the design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product and each of its component parts such that it was not unreasonably dangerous to users when consumed as intended and in the manner foreseeable to Defendants.

42.    The Defendants breached that duty by design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product in a defective condition that was unreasonably dangerous to the safety of consumers such as Plaintiff.

43.    The baby formula product was defective because (1) the product diverged from its intended design and contained high levels of *Clostridium botulinum*, also known as infant botulism, which harmed Plaintiff; and (2) the design and manufacturing of the product did not satisfy normal consumer expectations.

44.    If the baby formula product had been properly designed, formulated, sourced, prepared, processed, manufactured and tested, Plaintiff would not have been harmed.

45.    As a direct and proximate result of Defendants' breach of their duty to use reasonable care in the design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product, Plaintiff has suffered grave bodily harm, extreme

mental anguish, and has incurred medical and other expenses.

46.　　To the extent the Defendants attempt to rely on any standards or regulations of the United States government, such standards or regulations were inadequate to protect against the risk of injury or damages that occurred in this incident, and the Defendants withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

47.　　Upon information and belief, the Defendants knew or should have known that the baby formula product contained *Clostridium botulinum*, also known as infant botulism.

48.　　The baby formula product was unfit for its intended use, and defective for all uses.

49.　　As a result, Defendant ByHeart is strictly liable to Plaintiff for the defective design, manufacture, distribution and sale of *Clostridium botulinum* tainted baby formula product in an amount to be proven at trial.

50.　　As a result, Defendant Organic West is strictly liable to Plaintiff for the defective design, manufacture, distribution and sale of *Clostridium botulinum* tainted baby formula product in an amount to be proven at trial.

51.　　As a result, Defendant Dairy Farmers of America is strictly liable to Plaintiff for the defective design, manufacture, distribution and sale of *Clostridium botulinum* tainted baby formula product in an amount to be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

## SECOND COUNT
## MANUFACTURING DEFECT

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

52.     Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

53.     The baby formula product was defectively manufactured in that it contained unreasonably dangerous levels of *Clostridium botulinum*, also known as infant botulism. Defendants' failure to use and comply with good manufacturing practices caused the baby formula product to contain extremely high levels of botulism. The product was consumed by Plaintiff, Baby J.E.D., causing him to become extremely ill due to the high levels of botulism he consumed through ByHeart's product. The manufacturing defect was the producing and proximate cause of the event made the basis of this suit and Plaintiff's resulting injuries and damages.

54.     As a direct and proximate result of consuming the defective product containing extremely high levels of botulism, and the conduct of the Defendants, Baby J.E.D. suffered grave bodily injuries due to infant botulism, including but not limited to constipation, trouble eating, and tragically his death.

55.     Plaintiffs have incurred expenses for medical care and attention, and in reasonable probability they will continue to incur the same in the future. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory

damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

## THIRD COUNT
**Pursuant to the**
**NEW JERSEY PRODUCTS LIABILITY ACT**
**N.J.S.A. 2A:58C-1**

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

56.     Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

57.     At all times relevant, the Defendants manufactured and sold the adulterated food product that is the subject of this action.

58.     The adulterated food product that the Defendants manufactured, distributed, and sold was, at the time it left the Defendants' control, defective and unreasonably dangerous for its ordinary and expected use because it was contaminated by *Clostridium botulinum*, a bacterium dangerous to human health.

59.     Because the adulterated food product that is the subject of this action was contaminated by *Clostridium botulinum*, it was in a condition that consumers had not contemplated, including the Plaintiff, and it was in a condition that rendered the product unreasonably dangerous for its ordinary and expected use.

60.     The food product that is the subject of this action was expected to reach the consumers, including Plaintiff, and be consumed by them, without substantial change. The consumers used the Product in the manner expected and intended, including when they consumed it.

61.     The food product that is the subject of this action was defective and unreasonably dangerous for its ordinary and expected use because it was contaminated by *Clostridium*

*botulinum*, which was a manufacturing defect, and did not contain warnings or instructions indicating that the product was unreasonably dangerous due to the contamination.

62.     The Plaintiff suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the defendants manufactured, distributed, and sold.  These damages include but are not limited to: physical and mental pain and suffering, past and future in the form of the pain and suffering including bodily suffering, discomfort and loss of enjoyment of life; and medical costs and expenses to this point and the present value of reasonable medical expenses in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

<u>**FOURTH COUNT**</u>
**BREACH OF EXPRESS AND IMPLIED WARRANTIES**

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

63.     Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

64.     As set forth herein, ByHeart represented that the baby formula possessed qualities that it did not in fact possess.

65.     Included with the product at the time of purchase, the Defendants made express and implied warranties that the baby formula was dependable, reliable, free from defects of merchantable quality, and fit for their consumption.  Plaintiffs relied on ByHeart's skill and judgment to provide a suitable, merchantable, defective free product.

66.     However, the baby formula which Plaintiff received was unmerchantable,

defective, and not fit for its intended use, as the baby formula contained very high levels of botulism.

67.     The Defendants were aware of the defects.

68.     Having knowledge of the defects in the baby formula that resulted in an unreasonably dangerous product, the Defendants nonetheless continued to place the defective product into the stream of commerce and warranty the baby formula.

69.     By the conduct described herein, the Defendants failed to conform the baby formula to the express and implied warranties that had been made. As a result of Defendants' breach of warranties, Plaintiff Baby J.E.D. became seriously ill with infant botulism and suffered lasting injury.

70.     As a direct and proximate result of ByHeart's wrongful acts set forth herein, Plaintiff Baby J.E.D. consumed the baby formula containing high levels of botulism, causing him harmful exposure to very high levels of botulism. As a direct and proximate result, Plaintiff suffered severe bodily harm, pain, suffering, and emotional distress.

71.     As a direct and proximate result of Dairy Farmers of America's wrongful acts set forth herein, Plaintiff Baby J.E.D. consumed the baby formula containing high levels of botulism, causing him harmful exposure to very high levels of botulism. As a direct and proximate result, Plaintiff suffered severe bodily harm, pain, suffering, and emotional distress.

72.     As a direct and proximate result of Organic West's wrongful acts set forth herein, Plaintiff Baby J.E.D. consumed the baby formula containing high levels of botulism, causing him harmful exposure to very high levels of botulism. As a direct and proximate result, Plaintiff suffered severe bodily harm, pain, suffering, and emotional distress.

73.     Further, Plaintiff incurred both financial and economic loss. Plaintiff has been

damaged in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

**FIFTH COUNT**
**Pursuant to the**
**NEW JERSEY CONSUMER FRAUD ACT**
**N.J.S.A. 56:8-1,** *et seq*

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

74.     Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

75.     Plaintiff incorporates all the allegations in this petition for this cause of action against the Defendants under the provisions of the Consumer Fraud Act ("CFA"), including without limitation the misrepresentations made by Defendant ByHeart as set forth above which were made to and which did, in fact, induce Plaintiff into accepting products from Defendant ByHeart. Plaintiff is a consumer of goods and services provided by Defendant ByHeart pursuant to the CFA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant ByHeart. Specifically, Defendant ByHeart's violations of the CFA include, without limitation, the following matters:

76.     As described in this petition, Defendant ByHeart represented to Plaintiff that their product, specifically, their baby formula, had characteristics or benefits that it did not have, in violation of Section 56:8-2.10(a) of the CFA.

77.     As described in this petition, Defendant ByHeart represented to Plaintiff that their product, specifically their baby formula, was of a particular standard, quality, or grade when it was

of another, in violation of Section 56:8-2 and Section 56:8-2.10(d) of the CFA.

78.    As described in this petition, Defendant ByHeart failed to disclose information concerning their product, which was known at the time of the transaction, and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.

79.    All of the above-described acts, omissions, and failures of Defendant ByHeart are a proximate cause of Plaintiff's damage, including but not limited to, severe bodily injury and death of Baby J.E.D. All of the above-described acts, omissions, and failures of Defendant ByHeart were done knowingly and intentionally as those terms are used in the New Jersey Consumer Fraud Act.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory damages, treble damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

<u>**SIXTH COUNT**</u>
**NEGLIGENCE**

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

80.    Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

81.    The Defendants were negligent because they failed to use reasonable care when they designed, tested, manufactured, marketed, and sold the baby formula product.

82.    As the designers, testers, manufactures and/or sellers of consumer products, the Defendants owed a duty to Plaintiff to provide a safe, quality product. The Defendants breached

that duty.

83.     As a direct and proximate result of the Defendants' negligence, lack of care, recklessness, and other wrongful acts, Plaintiff sustained damages.

84.     As a result of the Defendants' negligence, Plaintiff has suffered severe bodily harm, pain, suffering, and emotional distress as a direct result of Baby J.E.D.'s consumption of the baby formula product containing high levels of botulism.

85.     As a direct, proximate, and foreseeable consequence of the Defendants' negligence, Plaintiff has endured tremendous damages including the severe bodily injury and death of Baby J.E.D.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

## SEVENTH COUNT
## GROSS NEGLIGENCE

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

86.     Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

87.     The Defendants' acts and/or omissions described above, when viewed from the vantage point of the Defendants at the time of the acts and/or omissions, involved an extreme degree of risk of serious bodily injury or death, considering the probability and magnitude of the potential harm to Plaintiff.

88.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

89.    The Defendants had actual, subjective awareness of the risk involved in the above-described acts and/or omissions but nevertheless proceeded with a conscious indifference to the rights, safety, or welfare of Plaintiff.

90.    As a result of Defendants' acts and/or omissions, Plaintiff has endured tremendous damages including, but not limited to, the severe bodily injury and death of Baby J.E.D.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

### EIGHTH COUNT
**Pursuant to**
**THE NEW JERSEY WRONGFUL DEATH ACT**
**N.J.S.A. 2A:31-1 *et. seq.***

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

91.    Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

92.    As a result of Defendants' acts and/or omissions, Baby J.E.D. sustained serious injuries, causing conscious pain, suffering, and his ultimate death.

93.    Plaintiff, Shantoi Clarke as Administrator *Ad Prosequendum* and of the Estate of J.E.D. is entitled to recover the pecuniary loss occasioned to her as a result of Baby J.E.D.'s wrongful death.

94.    As a direct and proximate result of the acts and/or omissions of Defendants, Shantoi Clarke suffered pecuniary losses, including but not limited to financial contributions, care and companionship, counsel, guidance and advice as permitted by Green v. Bittner, 85 N.J. 1 (1980).

## NINTH COUNT
### Pursuant to
### THE NEW JERSEY SURVIVAL ACT
### N.J.S.A. 2A:15-3

**SHANTOI CLARKE, individually and as Administrator *Ad Prosequendum* the Estate of J.E.D., Plaintiff, v. BYHEART, INC., ORGANIC WEST, INC., and DAIRY FARMERS OF AMERICA, INC.**

95.    Plaintiff repeats, realleges and incorporates all foregoing paragraphs of this Complaint, as though fully set forth herein.

96.    As a result of Defendants' acts and/or omissions, Baby J.E.D. was seriously injured and eventually died.

97.    Plaintiff Shantoi Clarke as Administrator *Ad Prosequendum* and of the Estate of J.E.D. is entitled to recover for all damages including conscious pain and suffering that Baby J.E.D. suffered, pursuant to the New Jersey Survival Act.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, in an amount within the jurisdictional limits of this Court, for compensatory damages, punitive damages, attorney's fees, interest, costs of suit and all other available damages.

### DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that plaintiff demands a trial by jury of 12.

**FERRARA & GABLE, LLC**

By:

Megan P. Gable
Attorney ID 111792014
601 Longwood Avenue,
Cherry Hill, NJ 08002
Telephone: (856) 779-9500
Facsimile: (856) 282-4289
Email: mgable@ferraragable.com

**THOMAS J. HENRY INJURY ATTORNEYS**

By:

_____

Travis E. Venable
Federal Bar No. 1531849
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (888) 956-8001
Email: tvenable svc@tjhlaw.com
Pending *pro hac vice* admission

**ATTORNEYS FOR PLAINTIFFS**

Date:  May 18, 2026